Citation Nr: 1508823 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 07-25 610 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for service connection for migraine headaches.

2. Whether new and material evidence has been received to reopen a claim for service connection for bilateral hearing loss.

3. Whether new and material evidence has been received to reopen a claim for service connection for tinnitus.

4. Entitlement to service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD). 

5. Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to PTSD.

6. Entitlement to service connection for substance abuse, to include as secondary to PTSD.


7. Entitlement to service connection for memory loss, to include as secondary to PTSD.

8. Entitlement to compensation under the provisions of 38 U.S.C.A. § 1151 for right fifth finger amputation with residual pain of the right arm and wrist. 

9. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

J. W. Kim, Counsel


INTRODUCTION

The Veteran had active service from November 1965 to March 1969. 

This case is before the Board of Veterans' Appeals (Board) on appeal from July 2006, April 2007, November 2007, and December 2008 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In a March 2009 decision, the Board reopened and denied a claim for service connection for PTSD and remanded the claims for compensation under the provisions of 38 U.S.C.A. § 1151 and a TDIU. The Veteran appealed that Board decision to the United States Court of Appeals for Veterans Claims. Pursuant to a joint motion for remand, in an August 2009 Order, the Court remanded that Board decision for readjudication in accordance with the joint motion. In July 2010, the Board remanded the case for further development. The record also shows the Veteran perfected an appeal of issues denied in a November 2007 rating decision. 


REMAND

In a December 2014 letter, the Veteran was informed his appeal had been certified to the Board and he had 90 days from the date of that letter, or until the Board issued a decision in the case, to request a Board hearing, send additional evidence, and change his representative. In a statement received in February 2015, the Veteran requested a Board hearing by videoconference. 

A hearing on appeal will be granted to an appellant who requests a hearing and is willing to appear in person. 38 C.F.R. § 20.700 (2014); 38 U.S.C.A. § 7107 (West 2014). As the RO schedules videoconference Board hearings, a remand of this appeal to the RO is warranted to schedule the requested hearing.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before a Veterans Law Judge. The Veteran and representative should be notified in writing of the date, time, and location of the hearing. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans 


Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).